Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Gloria Arcila
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------X   Civil Action No.
GLORIA ARCILA, on behalf of herself
and all others similarly situated                **CLASS ACTION COMPLAINT**

              Plaintiffs             **NO JURY TRIAL DEMANDED**

   v.

PORTFOLIO RECOVERY ASSOCIATES, LLC

              Defendant.
-----------------------------------------------------------X

Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

## INTRODUCTION

1. Gloria Arcila ("Plaintiff"), on her own behalf and on behalf of the class she seeks to represent, brings this action to secure redress for the debt collection practices utilized by Portfolio Recovery Associates, LLC ("PRA") in connection with their attempts to collect alleged debts from herself and others similarly situated.

2. Plaintiff alleges that Defendant's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements made in connection with the collection of a

debt; unfair or unconscionable collection methods; and requires certain disclosures. *See* 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:
    a. The acts giving rise to this lawsuit occurred within this District; and
    b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Gloria Arcila, is an individual natural person who at all relevant times resided in the City of Totowa, County of Passaic, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Portfolio Recovery Associates, LLC is a limited liability corporation with its principal place of business located at 120 Corporate Blvd, Norfolk, VA 23502

10. PRA is a purchaser of defaulted debt.

11. PRA's business model is to pay less than ten cents on the dollar for a defaulted debt and then seek to collect the full amount.

12. Part of PRA's collection practices includes filing proof of claims in bankruptcy cases filed by New Jersey residents seeking to collect debts that PRA allegedly purchased after the debts went into default.

13. The principal purpose of PRA is the collection of debts using the mail and telephone.

14. Debt collection is the principal purpose of PRA's business.

15. PRA has no principal purpose other than the purchasing and collecting of defaulted debt.

16. The purchasing and collecting of defaulted debt is PRA's only business.

17. PRA exists solely for the purpose of purchasing and then seeking to collect defaulted debt.

18. PRA does not offer or extend credit, they only purchase defaulted debt and then attempt to collect said debt.

19. PRA is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

20. Sometime prior to October 12, 2018, Plaintiff allegedly incurred a financial obligation to Citibank, N.A. ("Citibank") related to a personal Sears Mastercard credit card issued by Citibank in the Plaintiff's name (the "Debt"). The Debt was given an account number by Citibank and the last four numbers of the account were 4869.

21. The Debt arose out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family or household purposes, namely fees emanating from a personal open-end credit card account in the Plaintiff's name.

22. The personal credit card account with Citibank was opened and used by Plaintiff for personal purposes.

23. The personal credit card account with Citibank was not opened by Plaintiff for business purposes.

24. The personal credit card account with Citibank was not used by Plaintiff for business purposes.

25. Plaintiff's personal credit card account Debt to Citibank is a "debt" as defined by 15 U.S.C. §1692a(5).

26. The alleged Debt went into default because of non-payment.

27. After the alleged Debt went into default pursuant to the terms of the agreement creating the Debt and/or by operation of law, the Debt was allegedly sold by Citibank to PRA.

28. The Debt was in default when it was allegedly purchased by PRA.

29. The Debt had been charged off by Citibank prior to the date it was allegedly purchased by Citibank.

30. PRA claims it purchased the Debt and is now the entity to whom the Debt is owed.

31. At all times relevant hereto, PRA acted in an attempt to collect the Debt.

32. On January 28, 2019, Plaintiff filed for protection under Chapter 13 of the Bankruptcy Code.

33. On April 8, 2019, Defendant filed a proof of claim in Plaintiff's bankruptcy case (the "POC"). (Annexed hereto as **Exhibit A** is a copy of the proof of claim filed by PRA in the Plaintiff's Chapter 13 Bankruptcy).

34. PRA filed the POC in an attempt to collect the Debt.

35. The Debt that Defendant filed the POC seeking to collect was an open-end credit card account.

36. In the POC filed by PRA, PRA listed the claim amount as $3,567.27. (*See* **Exhibit A**, p.2)

37. PRA claimed in the POC that the $3,567.27 amount did not include "interest or other charges." *Id*.

38. On the "Account Summary" page attached to the POC, Defendant claimed the entire amount of the $3,567.27 Debt was "Principal". *Id*. at 4.

39. PRA claimed in the POC that the Debt consisted of $0.00 in "Interest" and "Fees". *Id*.

40. The accuracy of the POC and the attached "Account Summary" page filed in Plaintiff's bankruptcy case was attested to and signed under the penalty of perjury by a "Bankruptcy Representative" employed by Defendant. *See* **Exhibit A**, p. 3.

41. The POC filed by PRA was false, misleading and deceptive because it falsely stated the amount of principal on the Debt and falsely stated that the Debt did not include any interest and fees.

42. Defendant knew they overstated the principal owed on the Debt and that the Debt included interest and fees because Defendant was given written records by Citibank when Defendant allegedly purchased the Debt from Citibank that showed the Debt included principal, interest and fees.

43. Defendant knew that the total amount of the Debt was not entirely principal but also included interest and fees before they filed the POC.

44. Despite this knowledge, PRA instructed their employees and agents to file the POC, falsely overstating the principal owed on the Debt and falsely asserting that no interest or fees were included in the total amount of the Debt.

45. Defendant regularly files proof of claims in Chapter 13 bankruptcy cases that describe defaulted open-end credit card accounts debts they allegedly purchased as consisting of

entirely principal, even though PRA knows the accurate amount of principal, interest, and fees owed on the account underlying PRA's claims.

46. Although it always was necessary to accurately list principal, interest and fees on debts underlying proofs of claim, the bankruptcy rules were amended in 2011 to specifically require the itemization of interest and fees on proof of claim filings regarding open-end consumer credit accounts. *See* In re Maddux, 567 B.R. 489, 493-495 (Bankr. E.D. Va. 2016); Fed. R. Bankr. P 3001(c)(2)(A).

47. The purpose of the amendment of the Bankruptcy Rules is to ensure the accurate disclosure of principal, interest, and fees because accurate disclosure of said amounts is necessary to properly and fully evaluate claims filed in bankruptcy proceedings.

48. By intentionally misstating the amount of principal owed on a debt, and by falsely stating that a debt consists of $0.00 in interest or fees, creditors and debt collectors deny consumers who filed for bankruptcy the information necessary to evaluate the proof of claims filed in their bankruptcy cases.

49. PRA routinely and intentionally misstated the principal, interest and fees owing on alleged debts in the proofs of claim they filed in consumer's bankruptcy cases.

50. PRA routinely and intentionally misstated the principal, interest and fees owing on alleged debts in the proofs of claim they filed in consumer's bankruptcy cases despite knowing this conduct deprives debtors of the information necessary to evaluate PRA's proof of claims.

51. The main benefit provided to PRA in the conduct described above is that they are not burdened with the time and expense of truthfully stating the principal, interest and fees from the outset on the claims they file to collect consumer debts.

52. Freeing themselves of the time and expense required to truthfully disclose information on the debts they seek to collect provides PRA a competitive advantage over other creditors and debt collectors who take the time and incur the expense necessary to truthfully disclose the principal, interest, and fees on proof of claim filings.

**CLAIMS FOR RELIEF**

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

53. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

54. The conduct of the Defendant in this case violates 15 U.S.C. §§ 1692e and 1692e(10).

55. 15 U.S.C. §1692e provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

56. In filing its POC, PRA represented that the amount sought was solely principal when it was not, this is a false statement as the debt did included interest or fees and was not solely principal as the POC claim.

57. Defendant's actions and practices described above constitute false, deceptive or misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. §§ 1692 and 1692e(10). *See* Howard v. LVNV Funding, LLC and Resurgent Capital Services, LP., Case No. 19-cv-93, Slip Op. (W.D. P.A. February 28, 2020) (finding conduct identical to that described in this complaint to state a plausible claim for relief under § 1692e)

58. PRA's practice of intentionally misreporting the principal, interest and fees owed on debts in the proof of claims they file in consumer bankruptcy cases is a material violation of the FDCPA because filing proof of claims that falsely state that the entire debt is principal could affect a consumers reasoning regarding the debt and mislead the debtor about the nature and amount of the debt.

59. Plaintiff has alleged a particularized injury because the POC was directed to her and filed in her bankruptcy case.

60. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right to be free from abusive debt communications and Defendant's violations of the FDCPA resulted in concrete harm to Plaintiff.

61. Defendant is liable to the Plaintiff and the proposed class pursuant to 15 U.S.C. § 1692k because of the above FDCPA violations.

## **CLASS ALLEGATIONS**

62. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

63. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

64. The class is initially defined as (a) all individuals; (b) who filed a bankruptcy case in New Jersey; (c) in which PRA filed a proof of claim seeking to collect on an open-end credit account; (d) on or after a date one year prior to the filing of this action; (e) where the proof of claim filed by PRA listed the underlying debt as consisting entirely of principal and did not itemize the interest and/or fees on the debt underlying the proof of claim.

65. The class definition above may be subsequently modified or refined.

66. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

67. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   i. **Numerosity**: Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant and the Bankruptcy Court.

   ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

iii. **Typicality**: Plaintiff's claims are typical of those of the class they seek to represent. Plaintiff's claims and those of each class member originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA class action litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual

actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that Defendant violated 15 U.S.C. §1692e;

3. An award of statutory damages for Plaintiff, and the class pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses, and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
April 6, 2020

By:  /s/ Ryan Gentile
_____
Ryan Gentile, Esq.
Law Offices of Gus Michael Farinella PC
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 873-7675
rlg@lawgmf.com