Not for Publication

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

GLORIA ARCILA, on behalf of herself and all others similarly situated,

Plaintiffs,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

Defendant.

Civil Action No. 20-cv-3680

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This putative class action involves an alleged violation of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, based on a proof of claim in a bankruptcy case. Presently before the Court is the motion to dismiss of Defendant Portfolio Recovery Associates, LLC. D.E. 13. The Court has reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, the motion is granted.

[1] Defendant's brief in support of its motion to dismiss (D.E. 7-1) will be referred to as "Def. Br."; Plaintiff's opposition (D.E. 17) will be referred to as "Pl. Opp."; Defendant's reply (D.E. 19) will be referred to as "Def. Reply." Defendant's also submitted a notice of supplemental authority (D.E. 20), which will be referred to as "Def. Supp."

## I. BACKGROUND

Plaintiff Gloria Arcila incurred a debt on a Sears Mastercard credit card issued by Citibank, N.A. ("Citibank").[2] Compl. at ¶¶ 14, 15. After the debt went into default, Citibank sold the debt to Defendant Portfolio Recovery Associates, LLC ("PRA"), a debt collector. *Id.* at ¶ 27. Arcila alleges that when PRA purchased the debt, it included principal, interest, and fees. Compl. at ¶ 42.

In January of 2019, Arcila filed for bankruptcy under Chapter 13 of the Bankruptcy Code. *Id.* at ¶ 32. In the bankruptcy case, PRA filed a proof of claim[3] seeking to collect the debt. *Id.* at ¶¶ 33-34. On the proof of claim form, PRA listed $3,567.27 as the amount of the claim, Exhibit A at 2, and indicated that the amount did not include interest or fees, *id.* Compl. at ¶¶ 36-37. The Account Summary page attached to the proof of claim read as follows:

| | |
|---|---|
| Claim Balance: | $3,567.27 |
| Principal Amount: | $3,567.27 |
| Interest Amount: | $0.00 |
| Fee Amount: | $0.00 |

Exhibit A at 4.

---

[2] The facts are derived from Plaintiff's Complaint. D.E. 1. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[3] A proof of claim is:

> a document filed against a debtor in a bankruptcy proceeding, signaling that a creditor has a claim against the debtor. The proof of claim tells the bankruptcy trustee about the claim, particularly the amount claimed, so that the bankruptcy trustee can determine whether and what amount to pay the creditor. If a creditor does not file a proof of claim, it will not get paid for its claim in the bankruptcy process.

*Howard v. LVNV Funding, LLC*, No. 3:19-CV-93, 2020 WL 978653, at *1 (W.D. Pa. Feb. 28, 2020)

PRA's failure to indicate an interest or fee amount in its proof of claim is the basis of Plaintiff's FDCPA case. Arcila alleges that PRA knew that the amount of the debt was not entirely principal and that the debt included interests and fees when PRA purchased it from Citibank. *Id.* at ¶ 42. Arcila also asserts that PRA regularly files proofs of claim in bankruptcy matters that inaccurately describe defaulted credit card debt as consisting solely of principal. *Id.* at ¶ 45.

Arcila, however, did not object to the proof of claim during the Chapter 13 Bankruptcy proceeding, despite objecting to other claims. *In Re Gloria Arcila*, No. 19-11724-SLM (Bankr. D.N.J. filed Jan. 28, 2019).[4] On May 9, 2019, the Bankruptcy Court confirmed the Chapter 13 plan. *Id.* at D.E. 41. Pursuant to Local Bankruptcy Rule 3007-1(b), an objection to a proof of claim in a Chapter 13 case "must be filed by the later of: (1) 60 days from the entry of the order confirming plan; or (2) 60 days after the claim is filed or amended." D.N.J. Rule 3007-1(b). The deadline for the Plaintiff to file an objection to PRA's claim therefore expired on July 8, 2019. No timely objection was filed.

Arcila then filed this putative class action alleging, in her one-count Complaint, that PRA violated the FDCPA in filing the proof of claim. Compl. at ¶¶ 53-61.

## II. LEGAL STANDARD

According to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed when it fails "to state a claim upon which relief can be granted." In analyzing a motion to dismiss under Rule 12(b)(6), the Court will "accept all factual allegations as true, construe the

---

[4] The Third Circuit allows courts to consider matters of public record when ruling on a motion to dismiss. *In re Rockefeller Center Properties, Inc. Sec. Litig.*, 184 F.3d 280, 292–93 (3d Cir. 1999). Judicial proceedings are public records of which courts may take judicial notice. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir.2002). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether a complaint is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. While not a "probability requirement," plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015). Additionally, a court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

## III. ANALYSIS

The FDCPA was enacted by Congress in 1977 with the purpose of eliminating "abusive, deceptive, and unfair debt collection practices" by debt collectors. 15 U.S.C. § 1692a. The FDCPA "creates a private right of action against debt collectors who fail to comply with its provisions." *Grubb v. Green Tree Servicing, LLC*, No 13-07421, 2014 WL 3696126, at *4 (D.N.J. July 24, 2014). "As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142,

148 (3d Cir. 2013). To that end, "[l]ender-debtor communications potentially giving rise to claims under the FDCPA should be analyzed from the perspective of the least sophisticated debtor." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006)). "[A]lthough this standard protects naive consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)).

To succeed on an FDCPA claim, a plaintiff must demonstrate that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1692e and 1692e(10). Section 1692e, in relevant part, provides as follows:

> A debt collector may not use any *false, deceptive, or misleading* representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> > (10) The use of any *false representation or deceptive means* to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e (emphases added).

PRA moves for dismissal under Rule 12(b)(6), arguing that (1) the claim is collaterally estopped by Arcila's failure to timely object during the bankruptcy proceeding; (2) the Complaint presents an issue of Bankruptcy law which preempts the FDCPA; and (3) the alleged violation is not material. PRA also argues that the complaint should be dismissed under Rule 12(b)(1) for lack

of standing. The Court finds that, though Arcila's claim is not preempted, the claim fails the materiality threshold and is precluded by her failure to object during the bankruptcy proceeding.

**A. Preemption**

PRA argues that Arcila's FDCPA claim is preempted by Bankruptcy Rule 3001, which governs proofs of claim and requires the statements of interest, fees, expenses, or charges. Def. Brf. at 11-13. The Court disagrees.

In *Simon v. FIA Card Services, N.A.*, the Third Circuit ruled that when FDCPA claims arise from communications a debt collector sends a bankruptcy debtor in a pending bankruptcy proceeding, and the communications are alleged to violate the Bankruptcy Code or Rules, there is no categorical preemption of the FDCPA claim. 732 F.3d 259, 271 (3d Cir. 2013). Instead, the court in *Simon* instructed, the proper inquiry is "whether the FDCPA claim raises a *direct conflict* between the Code or Rules and the FDCPA, or whether both can be enforced." *Id.* (emphasis added). The *Simon* court found that where a debt collector could comply with the obligations of the Bankruptcy Rules and the FDCPA, no conflict existed and there was no preemption. *Id.* at 279. The Circuit noted that the fact that the bankruptcy court had other means to enforce compliance did not conflict with finding liability or awarding damages under the FDCPA for violations based on a debt collector's failure to comply with the rules. *Id.*

In this case, both the Bankruptcy Code and FDCPA can be complied with simultaneously. The Bankruptcy Code requires that interest and fees be itemized. Fed. R. Bankr. P. 3001. The FDCPA prohibits the use of deceptive or misleading practices in connection with the collection of a debt. *See* 15 U.S.C. § 1692e. There is no conflict between the two. It is entirely possible to comply with the Bankruptcy Code without incurring FDCPA liability by accurately filling out the proof of claim form. The Court therefore declines to dismiss Arcila's claim on the basis of

preemption. *See Howard v. LVNV Funding, LLC*, No. 3:19-CV-93, 2020 WL 978653, at *5 (W.D. Pa. Feb. 28, 2020) (holding there is "no direct conflict between the Code and the FDCPA and accordingly, no preemption" under the same circumstances); *In re Bernadin*, 610 B.R. 787, 802 (Bankr. E.D. Pa. 2019) ("I conclude that a creditor can complete Official Forms B410 and B410A (as mandated by the Federal Rules of Bankruptcy Procedure) accurately and without violating the FDCPA. In this respect, there is no conflict between the bankruptcy claims allowance process and the FDCPA.").

PRA responds that the Supreme Court's decision in *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407 (2017) requires a different outcome. Def. Br. at 14-15.[5] In that case, the Supreme Court held that the submission of a proof of claim for a time-barred debt in a Chapter 13 proceeding did not violate the FDCPA. *Johnson*, 137 S. Ct. at 1411. The *Johnson* Court first found that the claim was not false, deceptive, or misleading because the Bankruptcy Code did not define "claim" as an "enforceable claim." *Id.* at 1411-13. The Supreme Court next found that the claim was not "unfair" or "unconscionable" under 15 U.S.C. § 1692f. *Id.* at 1413-15.

The Court finds that *Simon* is still binding precedent, which this Court is required to follow. To be sure, there is language in *Johnson* that supports Defendant's position. In finding that the proof of claim was not misleading, the Court in *Johnson* indicated that whether a statement is misleading, usually requires a review of the legal sophistication of the recipient, which includes a trustee in a Chapter 13 matter. *Id.* at 1413 (citation omitted). This consideration departs from the least sophisticated debtor standard used in an FDCPA analysis and supports Defendant's position.

---

[5] Defendant also relies on *Rhodes v. Diamond*, 433 Fed. App'x 78, 80 (3d Cir. 2011) and *Giles v. Phelan, Halling & Schmieg, L.L.P.*, 901 F. Supp. 2d 509, 522 (D.N.J. 2012). Def. Br. at 14-15. Neither decision is binding precedent and, importantly, both were decided before *Simon*.

In finding that the claim was not unfair, the *Johnson* Court differentiated between a debt collector's assertion in a civil suit as opposed to in a Chapter 13 bankruptcy proceeding. *Id.* The Supreme Court reasoned, in part, as follows:

> At the same time, we do not find in either the Fair Debt Collection Practices Act or the Bankruptcy Code good reason to believe that Congress intended an ordinary civil court applying the Act to determine answers to these bankruptcy-related questions. The Act and the Code have different purposes and structural features. The Act seeks to help consumers, not necessarily by closing what Johnson and the United States characterize as a loophole in the Bankruptcy Code, but by preventing consumer bankruptcies in the first place. See, *e.g.,* 15 U.S.C. § 1692(a) (recognizing the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices [which] contribute to the number of personal bankruptcies"); see also § 1692(b) ("Existing laws and procedures ... are inadequate to protect consumers"); § 1692(e) (statute seeks to "eliminate abusive debt collection practices"). The Bankruptcy Code, by way of contrast, creates and maintains what we have called the "delicate balance of a debtor's protections and obligations." *Kokoszka v. Belford,* 417 U.S. 642, 651 (1974).
>
> To find the Fair Debt Collection Practices Act applicable here would upset that "delicate balance." From a substantive perspective it would authorize a new significant bankruptcy-related remedy in the absence of language in the Code providing for it. Administratively, it would permit postbankruptcy litigation in an ordinary civil court concerning a creditor's state of mind—a matter often hard to determine. See 15 U.S.C. § 1692k(c) . . . . Procedurally, it would require creditors (who assert a claim) to investigate the merits of an affirmative defense (typically the debtor's job to assert and prove) lest the creditor later be found to have known the claim was untimely. The upshot could well be added complexity, changes in settlement incentives, and a shift from the debtor to the creditor the obligation to investigate the staleness of a claim.

*Id.* at 1414-15. Broadly speaking, Plaintiff's FDCPA claim would require the Court to determine a bankruptcy-related question, specifically, whether Defendant's proof of claim actually violated Bankruptcy Rule 3001. The issue is whether Defendant was required to separate out interest and/or

fees from the debt that it purchased, *i.e.* interest and fees that had already accrued (as opposed to any fees or interest that Defendant was separately claiming as to itself). As Defendant points out, there is no binding authority on this point, and bankruptcy courts are divided on the issue. Def. Brf. at 12. On the other hand, the *Johnson* Court's reasoning concerned a § 1692f violation, which Plaintiff does not raise here, and was concerned with affirmative defenses in bankruptcy matters, an issue that is also not present here.

Nevertheless, the Supreme Court in *Johnson* did not rule that the Bankruptcy Code preempted the FDCPA. *See, e.g.*, *Johnson*, 137 S. Ct. at 1419 (Sotomayor, J., dissenting) (observing that the majority holding "does not hold that the Bankruptcy Code altogether displaces the FDCPA"). Thus, even if *Johnson* arguably "somewhat weakened the precedential value" of *Simon*, the Court remains bound by *Simon* and holds that Arcila's claim under the FDCPA is not preempted. *United States v. Singletary*, 268 F.3d 196, 205 (3d Cir. 2001).

**B. Materiality**

In *Jensen*, the Third Circuit adopted a materiality standard for claims brought under § 1692e. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 420 (3d Cir. 2015). A statement is material if it has "the potential to affect the decision-making process of the least sophisticated debtor." *Knight v. Midland Credit Mgmt. Inc.*, 755 F. App'x 170, 174 (3d Cir. 2018) (citing *Jensen*, 791 F.3d at 421). The standard "is not a particularly high bar." *Id.* (citing *Jensen*, 791 F.3d at 421).

In *Jensen*, the Third Circuit relied in part on two Seventh Circuit cases: *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643 (7th Cir. 2009) and *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755 (7th Cir. 2009). In *Hahn*, the plaintiff argued that a debt collector had violated the FDCPA by including interest that accrued when the debt was owed by the original creditor in the statement of "amount due" and not as "interest." *Wahl* observed that when interest is compounded,

today's interest becomes tomorrow's principal, so all past-due amounts accurately may be described as "principal due." *Id.* at 757 (citing *Wahl*, 563 F.3d 643). Finding that the failure to distinguish between principal and interest was immaterial, the Seventh Circuit stated as follows:

> [T]he difference between principal and interest is no more important to the Fair Debt Collection Practices Act than the color of the paper that HSBC used. A dollar due is a dollar due. Applying an incorrect *rate* of interest would lead to a real injury; reporting interest in one line item rather than another (or in two line items) harms no one[.]

*Id*. at 757.

In its bankruptcy proof of claim, PRA accurately listed the full amount, which Plaintiff admits is correct. Pl. Opp. at 19 ("[N]either party argues that PRA is entitled to or would receive any more or less than $3,567.27 regardless of the outcome of this case."); *Id.* at 20 ("[T]he Plaintiff is not arguing that the $3,567.27 amount listed in PRA's POC is overstated or incorrect or that the Plaintiff did not legally owe PRA any money."). The failure to distinguish between principal and interest in this case is therefore not material.[6] *See Benyamin Grandovsky v. Hayt & Landau, LLC*,

---

[6] In a matter with similar facts, another district court in this circuit recently held that there was no § 1692e violation because the because the FDCPA does not require a debt collector to itemize the debt being collected. *Fike v. Portfolio Recovery Assocs*., LLC, No. CV 19-144, 2020 WL 5747811, at *2 (W.D. Pa. Sept. 25, 2020) (collecting cases). Judge Baxter explained that a Bankruptcy Rule cannot create a new obligation under the FDCPA:

> Plaintiffs are relying upon the alleged violation of a Bankruptcy Rule to create a cause of action under the FDCPA that would not otherwise exist outside of bankruptcy. This they cannot do. If failing to itemize the components of a debt in a pre-bankruptcy collection letter does not violate the FDCPA, then the failure to itemize the same debt within the context of a bankruptcy proceeding cannot lead to a different result. Certainly, the language of the Act does not provide for such disparity.

*Id.*

No. CV 15-6451, 2015 WL 7313863, at *2 (D.N.J. Nov. 20, 2015) (finding that failure to separate interest and principal was not material and therefore plaintiff did not state a claim under § 1692e).

**C. Issue Preclusion**[7]

Issue preclusion, or collateral estoppel, applies when the following requirements are satisfied: "(1) the issue must be identical; (2) the issue must have actually been litigated in a prior proceeding; (3) the prior court must have issued a final judgment on the merits; (4) the determination of the issue must have been essential to the prior judgment; and (5) the party against whom collateral estoppel is asserted must have been a party or in privity with a party to the earlier proceeding." *Del. River Port Auth. v. Fraternal Order of Police*, 290 F.3d 567, 573 (3d Cir. 2002). "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 973, 59 L. Ed. 2d 210 (1979).

The Seventh Circuit in *Adair* addressed an FDCPA claim based on a Chapter 13 proof of claim which allegedly valued the debt at more than it was worth. *Adair v. Sherman*, 230 F.3d 890, 893 (7th Cir. 2000). Like in this case, the Plaintiff had not objected to the proof of claim prior to bankruptcy confirmation. *Id.* The Seventh Circuit first considered whether the bankruptcy court "actually and necessarily" decided an issue that would preclude recovery in an FDCPA action. It held that "when a proof of claim is filed prior to confirmation, and the debtor does not object prior to confirmation, the debtor may not file a post-confirmation collateral action that calls into question

---

[7] Defendant uses the terms *res judicata* and collateral estoppel somewhat interchangeably. While related, *res judicata* (or claim preclusion) and collateral estoppel (or issue preclusion) are distinct preclusion theories with different elements. Because Defendant's substantive argument focuses on issue preclusion, the Court does the same.

the proof of claim." *Id.* at 894–95. The Seventh Circuit cited the Bankruptcy Code and Rules which provided that "any proof of claim filed by a creditor is deemed allowed, unless a party in interest objects" and that a proof of claim "constitutes *prima facie* evidence of the validity and amount of the claim." *Id.* at 894 (citing 11 U.S.C. § 502(a); Fed. R. Bankr.P. 3001(f)). The court in *Adair* also noted that "[a]llowing collateral attacks of the type brought by [Plaintiff] would give debtors an incentive to refrain from objecting in the bankruptcy proceeding and would thereby destroy the finality that bankruptcy confirmation is intended to provide." *Adair v. Sherman*, 230 F.3d 890, 895 (7th Cir. 2000).

In this case, Arcila had the opportunity to object to the claim and did not do so. Arcila has given no reason she was not able to comply with the procedural safeguards within the Bankruptcy process by objecting during the Chapter 13 proceeding. The proof of claim was filed, the bankruptcy plan was confirmed, and, as a result of Plaintiff's failure to object, the proof of claim was "deemed allowed." Arcila argues that the Court's decision in this case will not affect the validity of the bankruptcy judgment. Pl. Opp. at 18. In a sense, this is true of all cases involving issue preclusion: the judgement of the original case can only be affected through appeal of that case and will not be impacted by the holding of a subsequent case, though it is possible that the two judgments could be inconsistent. However, the bankruptcy court, in confirming the plan, decided the issue of the claim's validity. Arcila cannot now collaterally attack that decision. *See Adair*, 230 F.3d at 893; *Covert v. LVNV Funding, LLC*, 779 F.3d 242 (4th Cir. 2015) (holding that plaintiffs' FDCPA claim was precluded because plaintiffs had not objected to the claims in the prior Chapter 13 cases in which the plans were confirmed).

## IV. CONCLUSION

For the reasons discussed above, PRA's motion to dismiss will be granted.[8] Because the Court holds that Arcila's claim is precluded, the matter is dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: March 23, 2021

John Michael Vazquez, U.S.D.J.

[8] The Court does not reach PRA's arguments regarding standing as the Complaint is dismissed on other grounds.